## WILSON *et al. v.* ATHON.

No. 13521.   OCTOBER 15, 1940.   REHEARING DENIED NOVEMBER 20, 1940.

98

*Sydney H. Baynes,* for plaintiffs.   *M. F. Adams,* for defendants.

GRICE, Justice.   The ancient adversaries, whose names so often appear in the earlier reports of the decisions of this court, are again before us.   In this instance John Doe claims that he, having several demises from Wilson and others, entered on a certain tract of land consisting of one hundred and sixty-three acres, more or less, in Jasper County, and that Richard Roe forcibly ejected him therefrom.   Richard, of course, was casual ejector only, V. K. Athon being the real claimant.   All parties claimed under a common grantor, Matthew Whitfield, the grandfather of the actual

plaintiffs, whose father, John B., was a son of Matthew. John B. obtained the land in dispute from the estate of Matthew. On September 17, 1869, John B. conveyed the land in dispute by deed to his wife, Indiana C., as trustee for herself and his child then living, and any future child or children, the conveyance apparently creating a joint life-estate in the husband and wife, with remainder to their child or children. Husband and wife are both dead, he dying in 1923, and she previously. The plaintiffs were the remaindermen under the trust deed. Without further detailing the plaintiffs' evidence, it suffices to say that on the conclusion of the introduction of their testimony they had shown prima facie title to the premises sued for. The instant suit was filed October 24, 1938. The defendant had been in actual possession under a deed for more than ten years. It was not shown that the plaintiffs were minors, or that they were laboring under any other disability. The right to sue accrued long before the defendant's possession began.

The plaintiffs contend that C. D. Athon's possession under the trustee's deed, shown in the report of the facts, could never ripen into prescription, because by reason of the statements made by the trustee in the application to sell C. D. Athon knew at the time of his purchase, or at least had a well-founded belief, that the trustee had no right to convey the full title. It would be going a long way to hold that recitals in the application were any proof at all of matters chargeable to C. D. Athon. It is also open to debate whether, if they were, the effect would be to rob him of the presumption of good faith in his purchase. C. D. Athon, however, is not the defendant. V. K. Athon is the tenant in possession who is claiming title by prescription, and his good faith can not be impeached by any supposed knowledge of C. D. Athon as to a defect in the title. V. K. Athon did not acquire his claim to this land by inheritance. The uncontradicted testimony of C. D. Athon Jr. names the heirs at law of his father, who are seven in number, V. K. Athon not being one of them. The latter holds under a warranty deed from these heirs. The undisputed evidence shows that the defendant having under color held possession for more than seven years, his possession, for aught that appears, being of that character which the law denominates adverse, and having all the required elements stated in the Code, § 85-402, ripened into a prescriptive title, extinguished all other inconsistent titles, and

itself became the true title. The grounds of the motion for new trial, complaining of the introduction of certain muniments of title, and of the direction of the verdict, are without merit. There was no error in overruling the motion.

*Judgment affirmed. All the Justices concur.*